IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY S. KURTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 4738 |
| | ) |
| JAKE TOEPPER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Jake Toepper's (Toepper) and Defendant Hensley and Associates, Inc.'s (Hensley) motion to dismiss Counts II and III of the Third Amended Complaint. For the reasons stated below, the partial motion to dismiss is granted.

**BACKGROUND**

Plaintiff Jeffrey S. Kurtz (Kurtz) alleges that Toepper is an accountant employed by Hensley. From late 2008 until early 2010, Toepper allegedly represented Kurtz in connection with a routine audit performed by the Internal Revenue Service (IRS) relating to Kurtz's 2005-2007 tax returns. According to

1

Kurtz, Toepper failed to provide the IRS with documentation required by the IRS during the audit. Toepper's failure to provide the IRS with the required documentation allegedly created tax liabilities for Kurtz in excess of $100,000.00 and caused other damages. Kurtz includes in his Third Amended Complaint a claim alleging professional negligence (Count I), a claim alleging breach of fiduciary duty (Count II), and a claim alleging breach of contract (Count III). Defendants now move to dismiss Counts II and III.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability

. . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Defendants argue that Counts II and III should be dismissed because they are duplicative of Count I. Defendants also argue that Count II should be dismissed because Kurtz failed to plead facts to plausibly suggest that a fiduciary relationship existed between Kurtz and Toepper.

Federal Rule of Civil Procedure 8(d)(2) permits a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). However, the Seventh Circuit has indicated that duplicative claims should be dismissed. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004)(citations omitted)(finding that a legal malpractice claim could not be re-characterized as a breach of fiduciary duty claim or a breach of contract claim to avoid dismissal because such claims would be duplicative). Claims are duplicative if they are based upon the same operative facts and allege the same injury. *Id.*; *see also* Fed. R. Civ. P. 12(f)(allowing a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter"); *Neade v. Portes*,

739 N.E.2d 496, 502-03 (Ill. 2000)(dismissing breach of fiduciary duty claim as duplicative of medical malpractice claim); *Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1267 (Ill. App. Ct. 2008)(dismissing breach of fiduciary duty claim as duplicative of a legal malpractice claim); *Fabricare Equipment Credit Corp. v. Bell, Boyd & Lloyd*, 767 N.E.2d 470, 476 (Ill. App. Ct. 2002)(same); *Majumdar v. Lurie*, 653 N.E.2d 915, 920-21 (Ill. App. Ct. 1995)(dismissing breach of contract and breach of fiduciary duty claims as duplicative of legal malpractice claim). All of the claims brought by Kurtz are based upon Toepper's alleged failure to provide the IRS with required documentation during a routine audit, and thus the claims all involve the same set of operative facts. Additionally, the alleged injury and the damages sought are identical across the claims. Since Count II and Count III are duplicative of Count I, Count II and Count III are dismissed. Since Count II has already been dismissed, the court declines to address whether Kurtz adequately pled that a fiduciary relationship existed between he and Toepper. However, the court notes that Kurtz's reliance on Toepper's power of attorney status to create a fiduciary relationship in this case is misplaced, and therefore it is likely that Count II might have also been dismissed at the summary judgment stage of the proceedings.

## CONCLUSION

Based on the foregoing analysis, the court grants Defendants' partial motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 6, 2012